IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BETTIE J. LITTLE and DEIDRE
M. GOODWIN,

                        Plaintiffs,

   v.                                  1:03-cv-3973-WSD

COBB COUNTY,

                        Defendant.

## ORDER

This is an employment discrimination action filed by Plaintiffs Bettie J. Little and Deidre M. Goodwin ("Plaintiffs") against their employer, Cobb County ("Defendant"). This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [80] on Defendant's Motion for Summary Judgment [52].

**I.    BACKGROUND**

    A.    Factual Background

The Magistrate Judge's R&R includes a detailed discussion of the relevant facts in its Factual Background section and throughout the opinion. Plaintiffs claim the Magistrate Judge ignored important job functions that show Plaintiffs and the

alleged comparators have the same day-to-day functions.  The Court has reviewed these facts *de novo* and finds Plaintiffs' descriptions of the actual job functions of the supervisory employees are undisputed.  (See Objections to R&R at 9-14.)  Accordingly, Plaintiffs' objection to the Magistrate Judge's factual findings regarding the job functions of the supervisory employees is SUSTAINED.  Except as otherwise discussed in Section II.B, *infra*, neither party objected to the Magistrate Judge's findings of fact and, finding no plain error, the Court adopts them as set out in the R&R.

    B.    Procedural History

On December 22, 2003, Plaintiffs filed their Complaint in this action.  On August 17, 2004, Plaintiffs filed their Amended Complaint, asserting claims for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), Section 1983 claims, as well as claims for violation of the Equal Pay Act, 29 U.S.C. § 206 (the "EPA").  (Am. Compl. [31].)  On March 21, 2005, the parties agreed to dismiss with prejudice all of Plaintiffs' Title VII and Section 1983 claims.  The remaining claims in this matter are Plaintiffs' claims under the EPA.

On April 8, 2005, Defendant filed its Motion for Summary Judgment [52]. Plaintiffs filed their response on June 8, 2005 [71], and Defendant replied on July 7, 2005 [77].  On February 9, 2006, the Magistrate Judge issued his R&R [80], recommending the Court grant summary judgment for Defendant on Plaintiffs' remaining EPA claims.  On March 6, 2006, Plaintiffs filed their Objections to the R&R ("Objections to R&R") [83], and Defendant responded to Plaintiffs' objections on March 16, 2006 [84].

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Report and Recommendation to which Plaintiff has objected.  The Court has reviewed the remainder of the Report and Recommendation for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.  DISCUSSION

### A.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended summary judgment be granted on Plaintiffs' remaining claims brought under the EPA.  First, the Magistrate Judge found Plaintiffs failed to establish a *prima facie* case under the EPA because their

alleged comparators do not perform jobs substantially similar to those performed by Plaintiffs. (R&R at 13-17.) The Magistrate Judge found Plaintiff Goodwin and her crew maintain all landscaping along the county roadways, and Plaintiff Little and her crew create and maintain all county road signs. "This is inherently different work than that of their comparators, who are responsible for the county's road, bridge and traffic signal maintenance." (R&R at 14.)

Second, the Magistrate Judge found that even if Plaintiffs could establish a *prima facie* case under the EPA, summary judgment is still appropriate because the inequity in pay is justified by a non-discriminatory pay classification system -- a permissible "factor other than sex" under the EPA. (R&R at 17-20.)

Finally, the Magistrate Judge found Plaintiffs failed to provide any evidence that Defendant's use of the pay classification system was pretext for discrimination. Because Plaintiffs failed to establish a *prima facie* case under the EPA or provide any evidence that Defendant's use of the pay classification system was pretextual, the Magistrate Judge recommended summary judgment be granted on Plaintiffs' EPA claims.

    B.    <u>Plaintiffs' Objections to the Report and Recommendation</u>

The parties do not dispute that the Magistrate Judge applied the correct legal standards to Plaintiffs' EPA claims, and the Court adopts the EPA standards set forth in the R&R.  (See R&R at 7-9.)  Plaintiffs make three specific objections to the Magistrate Judge's application of the legal standards to the facts of Plaintiffs' case.  First, Plaintiffs claim the Magistrate Judge improperly weighed the evidence in the Defendant's favor, and, consequently, erroneously determined the jobs performed by the comparators are substantially different and involve different tasks and skills as compared to the jobs performed by Plaintiffs.  Second, Plaintiffs argue the Magistrate Judge erroneously concluded Defendant's pay classification system, as applied in this case, justifies the discrepancy in pay.  Third, Plaintiffs claim the Magistrate Judge erroneously determined Plaintiffs failed to produce sufficient evidence of pretext.

      1.    *Prima facie case*

Plaintiffs claim the Magistrate Judge erred in finding they failed to establish their *prima facie* case because the day-to-day job duties performed by Plaintiffs and their comparators are "nearly identical." (Objections to R&R at 5.)  "The Plaintiffs and the Maintenance District Superintendents performed nearly identical supervisory jobs overseeing *discreet* aspects of road maintenance in Cobb County.

. . . [T]he differences between *discreet* aspects of road maintenance do not somehow eviscerate the clear, compelling similarities in the *actual* day to day *job functions* of the Plaintiffs and Maintenance District Superintendents." (Objections to R&R at 3-4.)

To establish their *prima facie* cases, Plaintiffs must identify comparators who are employed in substantially similar jobs and who earn higher wages.[1]

> A plaintiff establishes a *prima facie* case by comparing the jobs held by the female and male employees, and by showing that those jobs are substantially equal, not by comparing the skills and qualifications of the individual employees holding those jobs. . . . The *prima facie* case also focuses solely on the primary duties of each job, not duties that are incidental or insubstantial. . . . The plaintiff need not prove that the job held by her male comparator is identical to hers; she must demonstrate only that the skill, effort and responsibility required in the performance of the jobs are "substantially equal." Although job titles are entitled to some weight in this evaluation, the controlling factor under the Equal Pay Act is job content -- the actual duties that the respective employees are called upon to perform.

---

[1] Because Plaintiffs treat their jobs as nearly identical and analyze them at the same time, the Court will analyze their respective claims collectively. (See Objections to R&R at 9-10.)

-6-

Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1533 (11th Cir. 1992) (quotation and citations omitted). "[A]lthough employees do not have to prove jobs are identical, they have the heavy burden of proving substantial identity of job functions." Waters v. Turner, Wood & Smith Ins. Agency, Inc., 874 F.2d 797, 799 (11th Cir. 1989).[2]

To determine if Plaintiffs established their *prima facie* case, the Court examines the skill, effort and responsibility required by the jobs performed by Plaintiffs and their alleged comparators. Defendant employs nine supervisory employees, including Plaintiffs, in the Operations Division at Cobb Department of Transportation ("DOT"). Plaintiff Goodwin is the "Landscape Supervisor" and Plaintiff Little was[3] the "Sign Shop Supervisor." The other supervisory employees

---

[2] Plaintiffs challenge the legal standard applied by the Magistrate Judge, that the "standard for determining whether jobs are equal in terms of skill, effort, and responsibility *is high*." Waters, 874 F.2d at 799 (emphasis added). Plaintiffs' alternative formulation for the legal standard, however, is not materially different from that stated in Waters and applied by the Magistrate Judge. (See Objections to R&R at 6 n.1 (proposing Court apply a standard requiring Plaintiffs to satisfy "the *heavy burden* of proving 'substantial identity of job functions'") (emphasis added).) See also Mulhall v. Advance Sec., Inc., 19 F.3d 586, 592 (11th Cir. 1994) (quoting Waters and noting the standard for determining whether jobs are equal "is high").

[3] Plaintiff Little voluntarily retired on January 29, 2005. (R&R at 4 n.2.)

(the "comparators") include four Maintenance District Superintendents who are responsible for general road maintenance in specific geographic areas, one Bridge Superintendent, one Central Superintendent in charge of road building[4], and one Traffic Engineer Supervisor. The comparators are all male employees who earn higher wages than Plaintiffs.

Plaintiff Goodwin is the "Landscape Supervisor," in charge of maintaining the landscaping along all county roadways, as well as the landscaping surrounding most county buildings. (R&R at 3, 14.) Plaintiff Little was the "Sign Shop Supervisor," and was responsible for creating and maintaining road signs for all county departments, as well as supervising the painting of stripes, arrows and crosswalks on the roads. (R&R at 3-4, 14.) Each of the four geographic Maintenance District Superintendents is responsible for the general road maintenance of their geographic districts in the county. Their specific duties include: inspecting roadways in their districts, assessing maintenance needs, overseeing work crews performing road maintenance, supervising new roadway construction by ensuring plans approved by an engineer are properly implemented

---

[4] Plaintiffs admit the Central Superintendent in charge of road building, Mr. Hardin, is not an apt comparator. (R&R at 9 n.4.)

by the developer, and handling personnel matters. (R&R at 13; Pls.' Resp. to Defs.' Statement of Undisputed Facts ¶¶ 88-110.) The duties of the Bridge Superintendent are similar, including inspecting and overseeing maintenance of bridges. Finally, the duties of the Traffic Engineer Supervisor include activating and maintaining traffic signals and closed-circuit traffic cameras within the County. (R&R at 14.)

To establish the relevant jobs are substantially equal, Plaintiffs rely on the following similarities between their jobs and those performed by the comparators: (i) supervision and training of employees, (ii) human resources functions, (iii) maintenance of equipment and (iv) inventory and budget maintenance. (Objections to R&R at 11-14.) Plaintiffs claim both Plaintiffs and the comparators perform these functions as part of their overall supervision of a particular area of responsibility for the DOT.

Plaintiffs and the comparators all supervise a particular subdivision of the DOT. Each is responsible for supervising, training and performing human resources functions for employees under their supervision. Each also is responsible for maintaining or improving their particular areas of oversight, whether it be roads, bridges, traffic signals, signs, road markings or landscaping. It is

undisputed that each supervisory employee supervises similar numbers of employees and performs essentially similar management and administrative functions attendant to their supervisory responsibilities. Reviewing the jobs performed by Plaintiffs and the alleged comparators in terms of skill, effort and responsibility, the Court concludes the actual job functions of Plaintiffs and the comparators are substantially similar. At the very least, a question of fact remains whether Plaintiffs and the comparators perform equal work. See Miranda, 975 F.2d at 1533 (finding genuine issue of material fact as to the similarity of the jobs held by plaintiff and her comparator).

Defendant lists numerous differences in the skills and responsibilities of Plaintiffs and the comparators, but the Court must draw all reasonable inferences in favor of Plaintiffs. The Court finds the differences in duties among the relative jobs relied upon by Defendant are only incidental, and, more appropriately, considered part of the job descriptions of employees performing under the supervision of Plaintiffs and the comparators.[5] For purposes of summary judgment, the Court

---

[5] Finding the "inescapable conclusion from the evidence presented is that the jobs are substantially different," the Magistrate Judge erroneously focused on the job duties of those working for Plaintiffs or the comparators instead of focusing on the actual job duties performed on a day-to-day basis. Furthermore, that

-10-

finds Plaintiffs have established a *prima facie* case under the EPA, and Plaintiffs' objection to the Magistrate Judge's finding regarding Plaintiffs' failure to make a *prima facie* case is SUSTAINED.  See generally Mulhall, 19 F.3d at 593-95 (drawing all reasonable inferences in favor of plaintiff and finding "that her position and that of [the comparators] are substantially similar for purposes of the EPA").

    2.    *Pay classification system*

After a plaintiff establishes her *prima facie* case, to avoid liability the defendant must prove by a preponderance of the evidence one of the four exceptions set forth in the EPA.  Here, Defendant claims the pay differential is based on a "factor other than sex," the fourth statutory exception.  See 29 U.S.C. § 206(d)(1).  The "factor other than sex" exception applies when "the disparity results from unique characteristics of the same job; from an individual's experience, training, or ability; or from special exigent circumstances connected with the business."  Mulhall, 19 F.3d at 596.  Defendant's burden at this stage is heavy;

---

Plaintiffs were not familiar with standards and requirements of road maintenance (R&R at 14-15), is not determinative.  See Miranda, 975 F.2d at 1533 (holding a plaintiff establishes a *prima facie* case by showing the relevant jobs are substantially equal, not by comparing the skills and qualifications of the individual employees holding those jobs).

"[D]efendant[] must show that the factor of sex provided *no basis* for the wage differential." Id. at 590.

Defendant claims Plaintiffs were paid less based on its pay classification system. In Corning Glass Works v. Brennan, 417 U.S. 188, 201 (1974), the Supreme Court recognized that Congress intended to "incorporate into the [EPA] the well-defined and well-accepted principles of job evaluation so as to ensure that wage differential based upon bona fide job evaluation plans would be outside the purview of the Act." To qualify as a bona fide job classification system, the system must be gender neutral on its face and in its application.

In 1995, Defendant hired a consulting group to develop a pay classification system to provide for objective review of job classifications and salaries. (Pls.' Resp. to Defs.' Statement of Undisputed Facts ¶¶ 229-30.) The pay classification system provides for a review, evaluation and classification of every job position in the county according to eight specific factors: (1) knowledge required by the position, (2) decision making, (3) complexity, (4) scope and effect, (5) significance and purpose of contacts, (6) physical demands, (7) work environment and (8) supervision exercised. (Pls.' Resp. to Defs.' Statement of Undisputed Facts ¶ 230.)

The pay classification system provides a process for reclassifying a position if a position was incorrectly classified or if there has been a substantial change in the duties and responsibilities of the position.  (Id. ¶ 238.)  Both Plaintiffs went through the reclassification process.  It is undisputed that the process was properly performed, that Plaintiffs' identities and gender were protected throughout the process, that the committee evaluating the reclassification had no improper motives, and that the committee properly applied the gender-neutral, eight-factor analysis in determining Plaintiffs' pay grades. (R&R at 18.)  Plaintiffs admit "it is undisputed that the Defendant maintains a facially gender-neutral Pay Classification System . . . ."  (Objections to R&R at 16; Pls.' Opp'n to Def.'s Mot. for Summ. J. at 24.)

Plaintiffs object to the Magistrate Judge's determination that the pay disparity between Plaintiffs and the comparators is caused by a bona fide pay classification system.  Plaintiffs claim Defendant cannot rely on the pay classification system to establish its affirmative defense because (i) Plaintiffs' positions were not compared to those of the other Maintenance District Superintendents when Plaintiffs' positions underwent the reclassification review, and (ii) both Plaintiffs sought

-13-

reclassification of their positions with the support of their immediate supervisors.[6]
(Objections to R&R at 15-18.)

Plaintiffs argue that although the pay classification system is facially gender neutral, it was not applied in a gender-neutral manner because Plaintiffs' job functions were never compared to those of the Maintenance District Superintendents upon reclassification.  (Objections to R&R at 16.)  Plaintiffs claim Defendant's failure to compare their job functions to those in similar positions is a violation of the EPA.  (Id.)  The Court, however, agrees with the Magistrate Judge's conclusion that "Plaintiff[s] ha[ve] presented no case law or evidence to support the proposition that Defendant's failure to compare Plaintiffs['] classification to those of the putative supervisory comparators indicates that the

---

[6] Plaintiffs assert that "none of the [Maintenance District Superintendent] positions have ever been subject to scrutiny under the Pay Classification System." (Objections to R&R at 16.)  Plaintiffs do not cite record evidence to support this assertion (see Paige Dep. at 13 (stating she personally does not recall reviewing a Maintenance District Superintendent position)), and the only reasonable inference from the record evidence is that these positions were scrutinized upon enactment of the pay classification system.  (See Pls.' Resp. to Defs.' Statement of Undisputed Facts ¶¶ 229-32, 238 (admitting Defendant adopted the pay classification system in 1995 and applied it to all County departments, and providing for a process of reclassification if any position was incorrectly classified).)

classification system was discriminatorily applied." (R&R at 19-20.)[7] To the contrary, the Court finds, and Plaintiffs agree, the eight factors upon which the pay classification system are based to be gender neutral and objectively reasonable. The Court also finds that Plaintiffs' proposed standard, which would require Defendant to incorporate into its pay classification system a comparison of the job position in question to all similar job positions in the county, would impose an obligation upon Defendant that is not required by the EPA and, in practice, would be burdensome and unworkable.[8] Accordingly, Defendant has offered sufficient evidence of an appropriate explanation for the pay differential at issue.[9]

---

[7] For the reasons stated in the R&R, the legal authority cited by Plaintiffs does not support Plaintiffs' proposition. (See R&R at 18-19.) See also Parker v. Burnley, 693 F. Supp. 1138, 1151 n.5 (N.D. Ga. 1988).

[8] That Defendant followed its reclassification policy instead of comparing Plaintiffs' job positions to other similar positions as requested by Plaintiffs is not evidence that Defendant acted in a gender-biased manner.

[9] Plaintiffs argue Defendant's "bona fide job evaluation plan" simply "codified existing wage disparities based on sex [and] should not be allowed to defeat the purpose of the EPA . . . ." (Objections to R&R at 15-16 (citing Corning Glass Works v. Brennan, 417 U.S. 188, 204 (1974).) In Corning Glass Works, the Court found the record supported the conclusion that the higher wage paid to night-shift employees reflected the generally higher wage paid to male workers before enactment of the EPA, and was not the result of paying additional compensation for night work, which, if based on the psychological impacts of working at night, would be permissible. 417 U.S. at 204. To the extent Plaintiffs

Because Defendant maintained a bona fide pay classification system and applied it to Plaintiffs in a gender-neutral manner, the Court finds Defendant has met its burden to establish that the pay disparity in this case is based on a permissible factor other than sex, and Plaintiffs' objections are OVERRULED. See generally Irby v. Bittick, 44 F.3d 949 (11th Cir. 1995) (granting summary judgment for employer under an EPA exception).

   3.   *Pretext*

Once a defendant meets its burden of demonstrating the pay disparity is caused by a "factor other than sex," plaintiff "must rebut the explanation by showing with affirmative evidence that it is pretextual or offered as a post-event justification for a gender-based differential." Steger v. Gen. Elec. Co., 318 F.3d 1066, 1078 (11th Cir. 2003). "If plaintiff is able to create the inference of pretext, there is an issue which should be reserved for trial." Irby, 44 F.3d at 954.

The Magistrate Judge found Plaintiffs failed to produce any evidence that Defendant's legitimate, nondiscriminatory reason for the pay disparity was

---

claim Defendant's pay classification system, as in Corning Glass Works, perpetuates disparities in pay afforded to male workers, Plaintiffs have not proffered any record evidence to support such a finding.

pretextual. Having reviewed Plaintiffs' arguments *de novo*, the Court finds Plaintiffs' evidence of pretext to be unsupported speculation and conjecture and insufficient to create a question of fact as to Defendant's statutory defense. For the reasons stated in the R&R, the Court concludes Plaintiffs failed to demonstrate that Defendant's pay classification system is pretextual or offered as a post-event justification for a gender-based pay differential.[10] (See R&R at 20-22.) Because Plaintiffs have failed to produce any evidence creating a genuine issue of material fact whether Defendant's reason is pretextual, no reasonable jury could find based on the record evidence that Plaintiffs' gender was the reason for the pay disparity. Accordingly, Plaintiffs' objections are OVERRULED.

## III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation and Defendant's Motion for

---

[10] There is no basis for Plaintiffs' assertion that Defendant "willfully ignore[s] an obvious gender-based pay disparity codified into its Pay Classification System as that System applies to its Department of Transportation . . . ." (Objections to R&R at 20.)

Summary Judgment is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment in favor of Defendant.

    **SO ORDERED**, this 30th day of March, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE